UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05CV-P158-S

**JAMES R. BEARD**                                                                                                      **PLAINTIFF**

v.

**HARDIN COUNTY DETENTION CENTER**
**LOUIS LOGSDON**                                                                                           **DEFENDANTS**

**MEMORANDUM OPINION**

      The plaintiff filed this civil rights action under 42 U.S.C. § 1983 ("§ 1983"). The complaint is before the court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). Because the plaintiff failed to exhaust his administrative remedies prior to filing his lawsuit, the court will dismiss his case without prejudice.

**I. SUMMARY OF CLAIMS**

      The plaintiff, James Beard, is an inmate currently confined at the Kentucky State Reformatory. He filed this civil rights action, however, due to an incident that occurred in February of 2004 while he was confined at the Hardin County Detention Center. To this end, he brings an official capacity claim against the institution's Jailer, Louis Logsdon, and a claim against the facility itself.

      The crux of the plaintiff's claim arises from injuries he sustained while using the shower facility at the jail. The plaintiff claims that he is disabled and sustained cracked ribs when he fell in the shower. He alleges that the shower facility is not accessible to disabled inmates in that it has no handrails or shower mats to ensure the safety of disabled inmates, who use the facility. He also complains that he did not receive proper care for his injuries following his fall. The

plaintiff seeks money damages and an order that directs the jail to install proper equipment to insure the safety of disabled inmates, who use the institution's showers.

## II.  ANALYSIS

Under 42 U.S.C. § 1997e(a),[1] a prisoner is required to exhaust all available administrative remedies prior to instituting an action under § 1983 or any other federal law.  *Baxter v. Rose,* 305 F.3d 486, 488 (6th Cir. 2002); *Brown v. Toombs* 139 F.3d 1102 (6th Cir. 1998).  The primary purpose behind the exhaustion requirement is to give the state prison systems "an opportunity to handle prison grievances internally before recourse to the federal courts becomes available." *Thomas v. Woolum*, 337 F.3d 720, 725 (6th Cir. 2003).  Such may be the most efficient means of addressing a constitutional violation.  *Id.* at 726.  The inmate must pursue those remedies "as far as they exist" before it can be said that he complied with the "state prison's internal requirements." *Id.* at 725.  An inmate bears the burden of alleging and showing that he has exhausted his remedies.  *Brown,* 139 F.3d at 1104.  And, district courts are required to dismiss a complaint without prejudice where a prisoner fails to exhaust those remedies.  *Id.* at 1102.

To establish exhaustion, a prisoner must allege and show that all available remedies have been exhausted and attach documentation demonstrating the administrative disposition of his claims.  *Brown*, 139 F.3d at 1104.  Should the prisoner lack the documentation to demonstrate exhaustion, he must describe with specificity the administrative proceeding and its outcome. *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert denied*, 531 U.S. 1040 (2000).  Where

---

[1] Section 1997e(a) provides that "No action shall be brought with respect to prison conditions under section 1983 of this title [*i.e.*, 42], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

2

the complaint fails to contain "particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Boyd v. Corr. Corp. of Am.,* 380 F.3d 989 (6th Cir. 2004) (citation omitted).

A prisoner may not raise his claims in informal complaints as he must follow the formal grievance process to properly exhaust all administrative remedies. *Freeman v. Francis,* 196 F.3d 641 (6th Cir. 1999). Moreover, a prisoner may not simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or it is futile for him to do so because his grievance is now time-barred under the regulation. *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir.), *cert. denied,* 522 U.S. 906 (1997). Even if an appeal is time-barred by the prison's administrative procedures, the inmate must still pursue the remedy for without doing so he does not give the state the opportunity to remedy the alleged wrong. *Thomas*, 337 F.3d at 727.

Should the authorities to whom the inmate has presented his grievance ignore his written plaint, he must proceed to the next level in the grievance process. *Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir. 1999). Prior to initiating his action in federal court, a prisoner is required to file a grievance against each person he ultimately seeks to sue. *Burton v. Jones,* 321 F.3d 569, 574 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001).[2] And, § 1997e(a) requires total

---

[2]The Sixth Circuit observed:

> The requirement that a prisoner file a grievance against the person he ultimately seeks to sue does not impose a heightened pleading requirement upon would-be § 1983 plaintiffs. It only assures, as envisioned under the PLRA, that the prison administrative system has a chance to deal with claims against prison personnel before those complaints reach federal court.

*Curry,* 249 F.3d at 505.

exhaustion of all claims, and a complaint that presents both exhausted and unexhausted claims must be dismissed. *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).

In the present case, the plaintiff alleges that the institution does not have a grievance mechanism for complaints such as his. However, on December 1, 2005, the institution provided a copy of its grievance procedures which existed in February of 2004, the date on which the plaintiff sustained his injuries (DN 13). The Hardin County Detention Center has a multi-step grievance mechanism available to all inmates. According to its particular grievance procedures, an inmate may file a grievance any time he believes that he "has been subject to abuse, harassment, abridgement of civil rights or denied privileges specified in the post rules." In order to pursue one's administrative remedies, "a grievance shall be made in the form of a written statement by the inmate promptly following the incident, sealed in an unstamped envelope and addressed to the Jailer." The Jailer must review the grievance to determine if the action alleged therein constitutes a "prohibited act by a Detention officer or staff member; a violation of the inmate's civil rights; a criminal act; or an abridgement of inmate privileges as cited in the posted rules." In the event that the actions of an officer or staff member meets any of the first three criteria identified above, the Jailer "shall order a prompt investigation." If the grievance claims that the officer or staff member's action abridges an inmate's privileges, then the Jailer may appoint an impartial member of the staff to investigate followed by a report of findings and recommendations. Within 10 days following the investigation, the Jailer must provide the inmate with a response detailing the Jailer's findings and actions to be taken. If the inmate objects to the Jailer's response, he may file an appeal with the Hardin County Fiscal Court.

Here, the plaintiff concedes that he did not pursue his administrative remedies. For this reason, the court must dismiss his case. The court will provide the plaintiff with a copy of the facility's grievance procedures. The plaintiff may file another civil action once he has exhausted his administrative remedies with respect to each person he seeks to sue and each claim he seeks to assert. The plaintiff is also reminded that if he files a new complaint, he must clearly show how each defendant violated his constitutional rights. Conclusory allegations of the officer's misconduct will result in dismissal of claims against that particular defendant.

The court will enter an order consistent with this opinion.

Date:

cc:    Plaintiff *pro se*
       Defendants
       R. Keith Bond, P.O. Box 1177, Elizabethtown, KY 427602
       4411.002